No. 28,871.

THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD et al., *Appellees*.

(281 Pac. 931.)

Opinion filed November 9, 1929.

*J. M. Challiss*, of Atchison, and *P. E. Nulton*, of Pittsburg, for the appellant; *W. P. Waggener*, *O. P. May* and *B. P. Waggener*, all of Atchison, of counsel.

*Thomas D. Winter*, county attorney, and *E. V. Bruce*, assistant county attorney, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover taxes paid under protest. Judgment was rendered in favor of the defendants on their demurrer to the petition of the plaintiff, who appeals.

The petition alleges that taxes were levied in 1925 on the property of the plaintiff in Crawford county under chapter 285 of the Laws of 1925. That chapter, so far as material, reads:

"That in counties having a deficit of more than $10,000 in their poor fund, and having a valuation of $52,000,000, the county commissioners are hereby authorized to levy a special tax of not to exceed one-fourth mill for a period not to exceed two years, to raise funds to pay such deficit."

The petition alleges that Crawford county had a valuation in excess of $53,000,000 in 1925. The petition further alleges that the plaintiff under protest paid the taxes assessed under that statute and applied to the tax department of the public service commission for redress, which was denied. The proposition argued by the plaintiff is that the statute did not apply because the valuation of Crawford county for the year 1925 was in excess of $52,000,000. The plaintiff argues that the statute must be strictly construed and that the court cannot construe the statute so as to make it apply to counties having a valuation of more or less than $52,000,000.

It is not necessary to add any language to the statute, nor to take anything from it. It means that a county having a valuation of $25,000,000, $35,000,000, $40,000,000 or $50,000,000 cannot levy a tax under it, but when the valuation reaches $52,000,000 and continuously thereafter, so long as the valuation reaches $52,000,000, the tax can be levied. It follows that the petition did not state a cause of action.

For that reason, the judgment is affirmed.